**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LUIS CAMINO, :
:
        Plaintiff, :    Civil Action No. 05-4201 (MLC)
:
    v. :
:
JEFFREY SCOTT, et al., :
:    **OPINION**
        Defendants. :
:

**APPEARANCES**:

    LUIS CAMINO, Plaintiff <u>Pro Se</u>
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**COOPER**, District Judge

    Plaintiff Luis Camino, a prisoner who is confined at New Jersey State Prison, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based upon his affidavit of poverty, prison account statement, and the absence of three prior dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account and to forward it to the Clerk, when funds exist; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month

that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed the Complaint to identify cognizable claims, the Court will allow the excessive force claim to proceed and will grant Plaintiff leave to file an amended complaint.

## I. BACKGROUND

Plaintiff alleges civil rights violations arising from his incarceration at Mountainview Youth Correctional Facility.  Plaintiff asserts that on June 14, 2004, corrections officer Jeffrey Scott pushed him down the steps.  Plaintiff alleges that Scott and corrections officer Bailey kicked and stomped on him.  He asserts that, as he was being taken to detention in handcuffs, corrections officers Kokowski, Percorella, Lange and Slack repeatedly slammed Plaintiff against the walls.

Plaintiff alleges that Scott and Bailey filed a false disciplinary charge against him for throwing cleanser on them.  He asserts that courtline officer Norma Morales failed to properly investigate and adjudicate the disciplinary charge and that Administrator Joseph Rizzo failed to properly review his appeal.  Plaintiff seeks damages and injunctive relief expunging his disciplinary record and restoring his previous status and credits exacted as a result of the sanctions.

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires the Court to review a complaint in a civil action in which a prisoner is

proceeding in forma pauperis or seeks redress against a governmental entity or employee.  The Court is required to identify cognizable claims and to dismiss any claim which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) & 1915A.[1]

    A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1971) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

    A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may

---

[1] Plaintiff should be aware that the PLRA requires courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see Haines, 404 U.S. at 520 (pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### III.  DISCUSSION

A plaintiff, to recover under 42 U.S.C. § 1983, must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

As disciplining a prisoner is state action under § 1983, West, 487 U.S. at 48, the Court turns to whether, consistent with the facts alleged in the Complaint, Plaintiff may be able to establish a violation of his constitutional rights.  "When evaluating a claim brought under § 1983, [a court] must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all."  Natale v. Camden County Corr. Fac., 318 F.3d 575, 581 (3d Cir. 2003)

4

(quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).  If so, the court determines whether the defendant can be held liable for that violation.  Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Although Plaintiff does not articulate what constitutional right Defendants allegedly violated, the Court liberally construes the Complaint as alleging that imposition of disciplinary sanctions violated his Fourteenth Amendment right to due process of law.

A person is entitled to due process of law when government action deprives him or her of life, liberty, or property. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  The Due Process Clause of the Fourteenth Amendment of the Constitution of the United States provides:  "nor shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. IV.  To analyze Plaintiff's due process claim, the first step is to decide whether he was deprived of a liberty or property interest protected by due process.  Fuentes v. Shevin, 407 U.S. 67 (1972). If not, it is not necessary to consider what process is due. Morrissey v. Brewer, 408 U.S. 471 (1972).  Thus, Plaintiff was entitled to due process only if he had a protected liberty or property interest in avoiding the sanctions imposed.

The Complaint, as written, does not allege facts supporting an inference that the disciplinary sanctions deprived him of a liberty interest protected by due process. But a district court may not dismiss a pro se complaint without either granting leave to amend or concluding that any amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 116 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. at 115. It is conceivable that Plaintiff may be able to assert facts showing the disciplinary sanctions deprived him of a protected liberty interest.[2] The Court will therefore grant Plaintiff 45

---

[2] "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976); see also Vitek v. Jones, 445 U.S. 480, 493 (1980). Inmates have no liberty interest arising by force of the Due Process Clause itself in avoiding segregated confinement, Hewitt v. Helms, 459 U.S. 460, 466-67 & n.4 (1983); Montanye, 427 U.S. at 242; Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002), in obtaining or retaining a particular custody status, Meachum v. Fano, 427 U.S. 215, 223-25 (1976), in participating in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), or in being released before a sentence expires, Greenholtz, 442 U.S. at 7. A State may also create a protected liberty interest by statute or regulation. Sandin, 515 U.S. at 483-84. In Sandin, the United States Supreme Court announced a new standard for determining whether a state has created a liberty interest for convicted prisoners. "The Court explained that mandatory language in a state law or regulation

days from the date of the entry of the Order accompanying this Opinion to file an amended complaint stating a cognizable due process claim.[3]  If Plaintiff does not file an amended complaint stating a cognizable due process claim, then without further notice the Court will enter an order dismissing the due process claim and dismissing Defendants Norma Morales and Joseph Rizzo.

The Court will allow the excessive force claim to proceed because, on the facts alleged in the Complaint, Plaintiff may be able to show that Defendants inflicted cruel and unusual punishment in violation of the Eighth Amendment, applicable through the Fourteenth Amendment.  See Hope v. Pelzer, 536 U.S. 730 (2002); Hudson v. McMillian, 503 U.S. 1 (1992); Brooks v. Kyler, 204 F.3d 102, 104 (3d Cir. 2000).

---

can create a protected liberty interest only if the alleged deprivation 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Torres, 292 F.3d at 151 (quoting Sandin, 515 U.S. 484).

[3] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

## **IV.  CONCLUSION**

For the reasons set forth above, the Court will (1) grant Plaintiff's application to file the Complaint in forma pauperis, (2) allow the excessive force claim to proceed, and (3) grant Plaintiff 45 days leave to file an amended complaint.  If no amended complaint is filed within 45 days of the date of the entry of the Order accompanying this Opinion, then the Court will enter an order dismissing the Fourteenth Amendment due process claim and Defendants Morales and Rizzo without further notice.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:  October 4, 2005